# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSE MARTINEZ,**
        **Plaintiff,**

      v.                                                Case No. 08-C-2

**MICHAEL ASTRUE,**
**Commissioner of the Social Security Administration,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Jose Martinez brought this action seeking judicial review of the denial of his application for social security disability benefits. I granted the parties' joint motion to remand pursuant to 42 U.S.C. § 405(g), sentence four, and entered judgment for plaintiff. Plaintiff now moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I.**

The EAJA provides that a prevailing party in a civil suit against the federal government is entitled to recover his attorneys' fees if the government's position in the matter was not "substantially justified," no "special circumstances" make a fee award "unjust," and the fee petition is timely filed with the district court. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006). Because I remanded the ALJ's decision under sentence four, plaintiff is the prevailing party in this case. See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). The Commissioner does not contend that his position was substantially justified or that any special circumstances would make an award unjust. See Wirth v. Barnhart, 325 F. Supp. 2d 911, 913

(E.D. Wis. 2004) ("The Commissioner bears the burden of demonstrating that her position was substantially justified or that special circumstances would make an award unjust."). Finally, plaintiff's application, filed within thirty days of final judgment, is timely. See 28 U.S.C. § 2412(d)(1)(B). Therefore, plaintiff is entitled to a fee award.

**II.**

While the Commissioner does not dispute that plaintiff is entitled to an award, he does challenge the amount of plaintiff's request. A prevailing party bears the burden of demonstrating that his fee request is reasonable, both as to the rate and the number of hours requested. See, e.g., Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1011 (E.D. Wis. 2004) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Hanrahan v. Shalala, 831 F. Supp. 1440, 1450 (E.D. Wis. 1993)). Thus, a party seeking an award must submit evidence supporting the time expended and rates claimed, and should exercise "billing judgment" with respect to the hours worked. Hensley, 461 U.S. at 434. The court may exclude hours that are excessive, redundant or otherwise unnecessary. See, e.g., Palmer v. Barnhart, 227 F. Supp. 2d 975, 979 (N.D. Ill. 2002).

The Commissioner specifically challenges the 7.2 hours ($1271.74) requested for time spent preparing the initial EAJA submission,[1] which the Commissioner considers excessive and unnecessary in a case where the agency agreed to a remand. The Commissioner further notes that plaintiff's counsel spent only 15.6 hours to review the transcript and prepare the opening brief on the merits, and that the EAJA memorandum appears to contain boilerplate

---

[1] Counsel spent 0.8 hours reviewing the file in preparation for the EAJA filing on 8/15/08, 1.2 hours preparing the motion and affidavit on 8/18/08, and 5.2 hours preparing the supporting memorandum on 8/19/08.

2

language and copied portions of the opening brief.

The time spent by counsel on the EAJA submission exceeds what I often see in these types of cases. Compare Lechner, 330 F. Supp. 2d at 1013 (approving 1.7 hours for initial EAJA submission); Wates v. Barnhart, 288 F. Supp. 2d 947, 954 (E.D. Wis. 2003) (finding 2 hours spent on fee petition reasonable), and Uphill v. Barnhart, 271 F. Supp. 2d 1086, 1096 (E.D. Wis. 2003) (approving 1.6 hours spent on fee petition), with Neave v. Astrue, No. 07-C-301, slip op. at 4 (E.D. Wis. Feb. 4, 2008) (Order) (finding "4.5 hours spent on the initial EAJA submission a bit much"). Most of the excess time at issue here – 5.2 hours – relates to the supporting memorandum, in which counsel argued at length that the Commissioner's position was not substantially justified. However, because the Commissioner bears the burden on this issue, counsel may say little about it in the initial EAJA submission, wait for Commissioner to attempt to defend the agency's position, then address substantial justification in reply. See Davidson v. Sullivan, No. 88-C-4892, 1991 WL 195803, at *10 (N.D. Ill. Sept. 18, 1991) (commending counsel for presenting concise fee application, including only information necessary to compute the amount of EAJA fees, and presenting legal arguments concerning substantial justification in reply); see also Lechner, 330 F. Supp. 2d at 1013 (finding reasonable 4.9 hours spent on EAJA reply); Wirth v. Barnhart, 325 F. Supp. 2d 911, 918 (E.D. Wis. 2004) (finding 5.8 hours on EAJA reply reasonable); Samuel v. Barnhart, 316 F. Supp. 2d 768, 783 n.6 (E.D. Wis. 2004) (awarding fees for 5 hours spent on EAJA reply).

This course seems particularly prudent in a case like this one, where the Commissioner agreed to remand. In my experience, the Commissioner generally accedes to a fee award following a joint remand request. See, e.g., Stibb v. Astrue, No. 08-C-428 (E.D. Wis. Oct. 23, 2008) (Order approving fees without objection following joint remand, including 1.8 hours spent

3

on EAJA application); Reynolds v. Astrue, No. 07-C-862 (E.D. Wis. Mar. 31, 2008) (Order approving fees without objection following joint remand, including 2.1 hours spent on EAJA application); Xiong v. Astrue, No. 07-C-208 (E.D. Wis. Oct. 16, 2007) (Order approving fees without objection following joint remand, including 2.1 hours spent on EAJA application).[2]

I therefore agree with the Commissioner that a reduction is warranted. I find the 5.2 hours counsel spent preparing the EAJA memorandum unnecessary and will accordingly excise these hours (a total of $918.48). This reduction will place plaintiff's time spent on the initial EAJA submission in line with the cases cited above.[3] See also Morla v. Astrue, No. 07-21616, 2008 WL 4487681, at *2 (S.D. Fla. Oct. 1, 2008) (reducing requested hours for preparing EAJA motion from 4 to 2).

Plaintiff requests an additional 4.7 hours for preparation of the EAJA reply brief. As noted in the cases cited above, such time may be compensable. See also Commissioner, INS v. Jean, 496 U.S. 154, 162 (1990). However, under the circumstances here, where, but for the overstatement in plaintiff's original submission, the Commissioner would likely have agreed to a fee award (obviating the need for a reply), I cannot conclude that this additional time should be fully awarded. Further, counsel does not in the EAJA reply provide legal support or any persuasive argument favoring her position on the hours flagged by the Commissioner. I will

---

[2] I acknowledge that in a recent case handled by plaintiff's counsel, which involved a joint remand motion, the Commissioner agreed to fees including more substantial EAJA time. See Maye v. Astrue, No. 07-C-286 (E.D. Wis. Feb. 11, 2008) (Order approving joint motion for fees). However, the fact that the Commissioner did not object in that case does not preclude him from doing so now.

[3] In her reply in support of the EAJA request, plaintiff's counsel faults the Commissioner for not citing specific cases discussing a reasonable numbers of hours for an EAJA motion. However, it is the movant's burden to justify a fee request, not the government's, and plaintiff provides no such support. In any event, I have cited such cases in the text.

4

therefore reduce the compensable time for the EAJA reply to two hours. See Crawford v. Barnhart, No. 01- C-1198, 2002 WL 31049851, at *6 (N.D. Ill. Sept. 12, 2002) (reducing by ½ supplemental fees requested for EAJA litigation based on the plaintiff's limited success in defending the request); see also Morla, 2008 WL 4487681, at *2 (reducing requested time on EAJA reply from 4.5 hours to 1 hour); Shinn v. Astrue, No. 1:04-cv-6050, 2008 WL 2073980, at *6 (E.D. Cal. May 14, 2008) (reducing the hours claimed for the reply brief from 5.2 to 3.5 where counsel did not provide substantial rebuttal to the Commissioner's response).

The Commissioner does not oppose plaintiff's requested hourly rates, which appear to be reasonable and in line with other awards in this district. See Lechner, 330 F. Supp. 2d at 1011 (approving use of CPI-U to calculate cost of living increase).[4] Therefore, I approve the requested rates.

**III.**

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 19) is **GRANTED** in part as stated herein, and plaintiff's attorney, Lynn Zuehlsdorf-Mack, is awarded fees in the amount of $4831.82.[5] I find this total award reasonable and appropriate under all the circumstances.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[4] Plaintiff requests an hourly rate of $75 for paralegal work, which I find reasonable. See Samuel, 316 F. Supp. 2d at 782.

[5] I arrive at the final figure by subtracting $918.48 (5.2 hours) from the original request of $5398.54, then adding $351.76 [2 hours x $175.88] for the EAJA reply.

5